Dear President Langlinais:
This is in response to your letter of December 16, 2002, in which you commented on this office's Opinion 02-0425 concerning the need to safeguard and protect records in an assessor's offices. While this opinion was directed to Assessor Rickey Huval of your parish, it could well have been sent to any Louisiana assessor.
In Opinion 02-0425, we simply and basically stated that it would be inappropriate for any other public official to authorize occupancy and/or use of an assessor's offices without the assessor's prior knowledge and consent. Also, we advised that use of an assessor's offices for refuge during an emergency is within the sound discretion of the assessor, based on circumstances. This would apply to any other public office.
Parish Presidents as yourself have extended responsibilities and obligations under emergency conditions, as correctly pointed out by you in your letter. You said that before and after Hurricane Lily passed through New Iberia but before you authorized use of the assessor's offices by personnel of a utility company "we made a concerted effort in the short time frame we had to contact all the necessary individuals involved so that they would be abreast of the critical emergency situation we were faced with." The "necessary individuals" would of course include Mr. Huval or in his absence, as was the case here, one of his executive assistants. This was the right and proper thing for your offices to do.
In the event of future natural emergencies, your offices should follow the same procedure. Had Mr. Huval been contacted personally, no doubt he would have authorized use of his offices by the utility company once his records were secured.
We might add that there had been no indication that any of the assessor's public records were tampered with or that there was any damage to or misuse of his equipment.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________ H. Charles Gaudin Assistant Attorney General
RPI:HCG/bgc
DATE RELEASED: January 28, 2003